**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-30148
(Summary Calendar)

STACIE B. GUARIN,

                                                                        Plaintiff-Appellant,

versus

OUR LADY OF LOURDES REGIONAL MEDICAL
CENTER INCORPORATED, ET AL; LUKE MCCOY,

                                                                        Defendants-Appellees.

Appeal from United States District Court
for the Western District of Louisiana
(USDC No. 95-CV-1910)

January 28, 1999

Before KING, Circuit Judge, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Stacie B. Guarin, a nuclear medicine technologist previously employed by Appellee Our Lady of Lourdes Regional Medical Center, Inc. ("Lourdes"), appeals the district court's grant of summary judgment on her Title VII claims of sexual discrimination and sexual harassment filed against Lourdes. Her sexual discrimination claim focused on the allegation that Luke McCoy, lead technologist in the radiology department and Guarin's immediate supervisor, was permitted to work significantly more overtime than she was. Her sexual harassment claim focused on allegedly sexually suggestive and offensive remarks made to her by two Lourdes employees, Patrick Domingue and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

Kenneth Elkins. Domingue was one of Guarin's co-workers, while Elkins was one of her supervisors. Guarin argues that the district court erred because a genuine issue of material fact existed with respect to both of her claims. For the reasons set forth below, we AFFIRM the district court's grant of summary judgment as to her claim of sexual discrimination; AFFIRM the district court's grant of summary judgment as to her sexual harassment claim regarding Lourdes' liability for Domingue's alleged behavior; and REMAND her claim of sexual harassment as it applies to Lourdes' liability for Elkins' alleged behavior.

I.

"We review a district court's grant of summary judgment de novo, applying the same standard of review as would the district court. Summary judgment is proper only when it appears there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Reingold v. Swiftships, Inc., 126 F.3d 645, 646 (5th Cir. 1997) (citations omitted). In making that determination, the record must be viewed in the light most favorable to the party opposing the motion. See id.

II.

The district court did not err when it granted summary judgment on Guarin's overtime sexual discrimination claim. In its alternative justification for summary judgment, the district court found that Guarin had not submitted any evidence that Lourdes actually relied on discriminatory animus when making its decision not to allow her to work overtime. Plaintiffs bringing sexual discrimination claims under Title VII must show "the employer actually relied on [the forbidden factor] in making its decision." Mooney v. Aramco Services Co., 54 F.3d 1207, 1218 (5th Cir. 1995) (quoting Langley v. Jackson State University, 14 F.3d 1070, 1075 (5th Cir. 1994) (alteration in original)). Her only evidence is that Phillip Trett, director of the Lourdes' radiology department, allegedly said to her that "she could not work overtime because she was a single mother with a small child." However, Trett

was not responsible for assigning overtime work. Rather, the responsibility belonged to Luke McCoy, lead technologist in Lourdes' radiology department. In her brief to this Court, Guarin does not point to any evidence in the record which would support the claim that McCoy relied on "the forbidden factor" in making his decisions. Our own review of the record has also found no such evidence. We therefore affirm the district court's grant of summary judgment as to Guarin's sexual discrimination claim.

III.

Guarin's second claim against Lourdes is that two of its employees created a hostile work environment in violation of Title VII. In particular, she alleges Patrick Domingue (a co-worker) and Kenneth Elkins (one of her supervisors) were responsible for this harassment. The district court dismissed Guarin's sexual harassment claim in its entirety because her evidence was insufficient as a matter of law to satisfy the fifth element in the hostile work environment test, namely, "that the employer either knew or should have known of the harassment and failed to take prompt remedial action." See, e.g., DeAngelis v. El Paso Municipal Police Officers Ass'n, 51 F.3d 591, 593 (5th Cir. 1995).

After the district court made its decision, however, the Supreme Court handed down two important decisions which redefine the legal landscape for an employer's liability for sexual harassment by its employees. See Burlington Ind. v. Ellerth, __ U.S. __, 118 S.Ct. 2257, 2270 (1998); Faragher v. City of Boca Raton, __ U.S. __, 118 S.Ct. 2275, 2292-93 (1998). Notably, these decisions only alter the standard governing an employer's vicarious liability for the sexual harassment by one of its supervising employees. It does not alter the terrain for plaintiffs alleging that a co-worker harassed them. See Williamson v. City of Houston, 148 F.3d 462, 463-64 (5th Cir. 1998). We thus first turn to Guarin's sexual harassment claim as it applies to Lourdes' liability for co-worker Domingue's alleged behavior.

## A.

A claim of hostile work environment by a co-worker under Title VII must be supported by proof "that the employer knew or should have known of the harassment in question and failed to take prompt remedial action." Williamson, 148 F.3d at 463 (quoting Jones v. Flagship Int'l, 793 F.2d 714, 720 (5th Cir. 1986) (citation omitted)). To fulfill this requirement, Guarin relies on her alleged complaint to Sharon Lene, a vice-president at Lourdes, shortly before she resigned. We affirm the district court's decision that Guarin cannot create a genuine issue of material fact on this issue, albeit for a different reason than the district court relied upon. See Rizzo v. Children's Learning Centers, Inc., 84 F.3d 758, 763 (5th Cir. 1996). Guarin explained in her deposition that she complained to Lene only about Elkins' behavior, and not Domingue's conduct. When asked if she ever reported Domingue's comments, her answer was no. Under such circumstances, we cannot hold Lourdes actually knew of Domingue's alleged sexual harassment. We thus affirm the district court's dismissal of Guarin's sexual harassment claim with respect to Lourdes' liability for Domingue's behavior.

## B.

We now turn to Guarin's sexual harassment complaint as it applies to Lourdes' liability for supervisor Elkins' alleged behavior. We are obliged to apply the rules announced by the Supreme Court retroactively, see, e.g., Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 90 (1993), and therefore consider the district court's dismissal of Guarin's complaint in the light of Burlington and Faragher. Under these cases, Lourdes can escape liability if it fulfills a two-part affirmative defense. See Burlington Ind, __ U.S. at __, 118 S.Ct. at 2270 (describing the affirmative defense); Faragher, __ U.S. at __, 118 S.Ct. at 2292-93 (same).[1] "No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or

---

[1] "The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Burlington Ind, __ U.S. __, 118 S.Ct at 2270.

4

undesirable reassignment." Burlington Ind, __ U.S. at __, 118 S.Ct. at 2270; Faragher, __ U.S. at __, 118 S.Ct. at 2292-93. In defining "tangible employment action," the Supreme Court focuses on action that "constitutes a significant change in employment status or results in a decision causing a significant change in benefits." Burlington Ind, __ U.S. at __, 118 S.Ct. at 2268. The Court further emphasized that such an action "in most cases inflicts direct economic harm." Id. at 2269. Therefore, we must first decide whether Elkins's alleged sexual harassment culminated in a tangible employment action against Guarin.

The record is not sufficiently developed to inform our analysis of the tangible employment action issue as required by the recent Supreme Court precedent. Most notably, Guarin alleges that Elkins placed her on probation shortly before she resigned. We cannot decide on this record whether probation is a tangible employment action as defined by Burlington [2] because neither the parties nor the trial court had the benefit of the Burlington or Faragher at the summary judgment stage. Without additional information about the effects of Guarin's probation, it is impossible to determine if the Court's definition of a tangible employment action can be reasonably read to include Guarin's probationary status. Accordingly, we vacate the judgment of the district court on this issue and remand.

## IV.

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment as to her claim of sexual discrimination; AFFIRM the district court's grant of summary judgment as to her sexual harassment claim regarding Lourdes' liability for Domingue's alleged behavior; and VACATE

---

[2]The Burlington Court explained the concept of a tangible employment action in part by citing to a line of cases in the Seventh Circuit discussing adverse employment actions. See Burlington Ind, __ U.S. at __, 118 S.Ct. at 2268-69 (citing Crady v. Liberty Nat. Bank & Trust Co. of Ind., 993 F.2d 132, 136 (7th Cir. 1993); Flaherty v. Gas Research Institute, 31 F.3d 451, 456 (7th Cir. 1996)). Importantly, the Seventh Circuit has observed that, in some circumstances at least, probation may be an adverse employment action. See Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996); see also Murray v. Kutzke, 967 F. Supp. 337, 345 (N.D. Ill. 1997) (citing Smart for the proposition that "super probation" status is an adverse employment action).

and REMAND for further proceedings the grant of summary judgment as to her claim of sexual harassment as it applies to Lourdes' liability for Elkins' alleged behavior.